PAUL H. SCULL, JR., ESQUIRE
Attorney ID#000961996
Law Offices of Paul H. Scull, Jr.
151 N. Broadway, Suite B
Pennsville, New Jersey 08070
(856) 678-0700
Facsimile (856) 678-9366
paul@sculllaw.com
Attorney for Defendant John Doe subscriber assigned IP address 73.160.162.60

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Hon. Joel Schneider, U.S.M.J. |
| Plaintiff, v. | Case No. 1:18-cv-14114-JHR-JS |
| JOHN DOE subscriber assigned IP address 73.160.162.60, | |
| Defendant | DECLARATION OF PAUL H. SCULL, JR., ESQ IN SUPPORT OF JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.160.162.60 MOTION TO QUASH |

1. I, Paul H. Scull, Jr., Esq., counsel for defendant John Doe subscriber assigned IP address 73.160.162.60 ("Subscriber"), submit this Declaration in support of this Motion to Quash.

2. A true copy of Plaintiffs subpoena dated September 17, 2018, returnable November 1, 2018, the accompanying Order that was entered September 12, 2018, and the Comcast cover letter (defendant's actual name and address redacted) dated November 26, 2018 are attached as Exhibit A.

3. I visited the website of MaxMind, Inc. on December 26, 2018 at www.maxmind.com. I downloaded the following four pages from the website. The pages are GeoLite2 Free

Downloadable Databases located at https://dev.maxmind.com/geoip/geoip2/geolite2/, attached

as Exhibit B; We Are Listening, located at https://blog.maxmind.com, attached as Exhibit C; and

End of Life Announcement of the GeoLite Legacy Databases, located at

https://blog.maxmind.com/2018/01/02/discontinuation-of-the-geolite-legacy-databases/, attached

as Exhibit D.

I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.


                                         Respectfully submitted,

Dated: December 26, 2018


                                         s/ Paul H. Scull, Jr., Esquire
                                         Law Office of Paul H. Scull, Jr.
                                         paul@sculllaw.com
                                         Tel: (856) 678-0700
                                         Fax: (856) 678-9366 *Attorneys for
                                         Defendant John Doe*

# EXHIBIT A



**COMCAST**

Legal Response Center
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

## CONFIDENTIAL

11-26-2018



JATINDER KAUR
85 EATON RD
PENNSVILLE, NJ 08070

Re:   STRIKE 3 HOLDINGS, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS
73.160.162.60
United States District Court for the District of New Jersey
Docket No.: 1:18-cv-14114
Order Entered: 11-08-2018
Comcast File #: LCO60673

Dear Jatinder Kaur:

STRIKE 3 HOLDINGS, LLC has filed a federal lawsuit in the United States District Court for the District of New Jersey. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing STRIKE 3 HOLDINGS, LLC's copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 73.160.162.60 on 07-27-2018 07:57:26 GMT. The court has ordered Comcast to supply your name, address and other information to STRIKE 3 HOLDINGS, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:18-cv-14114 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice**.

Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than 12-27-2018.** If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than 12-27-2018.** Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

If you have legal questions about this matter, please contact an attorney.

Very Truly Yours,
Comcast Legal Response Center

Enclosures:   Copy of Subpoena and accompanying Court Order regarding civil action

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
District of New Jersey

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC<br><br>*Plaintiff*<br><br>v.<br><br>John Doe subscriber assigned IP address<br>73.160.162.60,<br><br>*Defendant.* | Civil Action No.: **1:18-cv-14114-JHR-JS** |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Comcast Cable Communications, LLC
Attn:  The Corporation Trust Company
         820 Bear Tavern Road
         Mercer County
         West Trenton, New Jersey 08628

**Serve: Via Certified Mail**

        [X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the
following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or
sampling of the material:

Please produce documents identifying the **name AND address ONLY** of the defendant John Doe listed in the
below chart **AFTER** expressly following the instructions and limitations outlines by the Court in the attached Order.

| IP Address | Date/Time UTC |
|---|---|
| 73.160.162.60 | 07/27/2018 07:57:26 |

| | |
|---|---|
| **Attn:**    **John C. Atkin, Esq.**<br>Place:   Fox Rothschild LLP<br>         Princeton Pike Corporate Center<br>         997 Lenox Drive, Building 3<br>         Lawrenceville, NJ 08648-2311<br>         T: (609) 896-3600<br>         F: (609) 896-1469 | **Date and Time:**<br><br>February 4, 2019 @ 5:00 PM EST |

        [  ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land,
or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting
party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/13/2018

             *CLERK OF COURT*

                                  OR

_____        */s/ John C. Atkin*
   *Signature of Clerk or Deputy Clerk*                *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *Plaintiff*, who issues or requests this subpoena, are:

    John C. Atkin, Esq.
    Fox Rothschild LLP
    Princeton Pike Corporate Center
    997 Lenox Drive, Building 3
    Lawrenceville, NJ 08648-2311
    T: (609) 896-3600; Fax: (609) 896-1469; E-mail: jatkin@foxrothschild.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

[Doc. No. 4]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

STRIKE 3 HOLDINGS, LLC,          :
                                 :
            Plaintiff,           :
                                 :
      v.                         :      Civil No. 18-14114 (JHR/JS)
                                 :
JOHN DOE SUBSCRIBER ASSIGNED     :
IP ADDRESS 73.160.162.60         :
                                 :
            Defendant.           :
_____:

### O R D E R

This matter is before the Court on the "Motion for Leave to
Serve a Third Party Subpoena Prior to a Rule 26(f) Conference"
("motion") [Doc. No. 4] filed by plaintiff, Strike 3 Holdings,
LLC. Plaintiff's motion alleges the John Doe defendant assigned to
IP address 73.160.162.60 infringed its copyrighted works.
Plaintiff's only identifying information for defendant is the IP
address. Accordingly, plaintiff seeks limited discovery in advance
of the Fed. R. Civ. P. 26(f) conference so that plaintiff may
obtain defendant's name and address from his or her internet
service provider ("ISP"), Comcast Cable Communications, LLC
("Comcast"). The Court exercises its discretion to decide
plaintiff's motion without oral argument. See Fed. R. Civ. P. 78;
L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's
motion is GRANTED.

1

## Background

Plaintiff holds the copyright to a multitude of adult films and content. See Decl. of Greg Lansky [Doc. No. 4-2] at ¶ 3. Plaintiff alleges defendant used a file distribution network known as BitTorrent to copy and distribute plaintiff's copyrighted works to others. See Compl. at ¶¶ 23-27.

Plaintiff discovered defendant's infringement through reports from its third-party investigator, IPP International UG ("IPP"). See Compl. at ¶ 24. IPP, through its employee Tobias Fieser, initially identified defendant while monitoring the BitTorrent file distribution network for the presence of potentially infringing transactions. Decl. of Tobias Fieser [Doc. No. 4-3] at ¶¶ 5-7. IPP's forensic servers connected to an electronic device registered to defendant's IP address. Id. at ¶ 7. After the connection, defendant's IP address was documented distributing plaintiff's copyrighted content. Id. at ¶¶ 7-10. Thereafter, plaintiff filed suit against defendant alleging direct infringement of its copyrighted works. See Compl. at ¶¶ 34-39.

In order to identify the actual defendant, plaintiff seeks leave to file a Fed. R. Civ. P. 45 subpoena on defendant's ISP, Comcast. Pl.'s Br. [Doc. No. 4-1] at 2. The subpoena would direct Comcast to divulge the "true name and address" of defendant. Id.

## Discussion

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). However, despite the broad scope of discovery, parties are generally barred from seeking discovery before the parties participate in a conference in conformance with Rule 26(f). Fed. R. Civ. P. 26(d)(1). Nonetheless, in certain circumstances a court "may grant [a party] leave to conduct discovery prior to" the Rule 26(f) conference. Malibu Media, LLC v. John Doe subscriber assigned IP address 47.20.202.138, C.A. No. 16-942 (KM/MAH), 2016 WL 952340, at *1 (D.N.J. Mar. 14, 2016) (citing Better Packages, Inc. v. Zheng, No. 05-4477 (SRC), 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

To determine if expedited discovery is appropriate a court should apply a "good cause" test. Malibu Media, LLC v. Doe, C.A. No. 15-8940 (MCA/MAH), 2016 WL 614414, at *2 (D.N.J. Feb. 16, 2016); Century Media, Ltd. v. John Does 1-77, C.A. No. 12-3911 (DMC/JAD), 2013 WL 868230, at *2 (D.N.J. Feb. 27, 2013). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Malibu Media, 2016 WL 614414, at *1 (internal citations omitted). Further, a court should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3)

3

the purpose of the requested discovery; (4) whether discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner. Better Packages, 2006 WL 1373055, at *3.

Plaintiff contends there is good cause for this Court to grant its motion because: (1) it makes a prima facie claim for direct copyright infringement, (2) it has clearly identified the specific and limited information it seeks through discovery, (3) there are no alternative means to obtain defendant's true identity, (4) the subpoenaed information is necessary to advance the infringement claim, and (5) its interest in knowing defendant's true identity outweighs defendant's privacy interest. Pl.'s Br. at 7-13.

The Court finds plaintiff has demonstrated good cause to serve a Rule 45 subpoena on Comcast before a Rule 26(f) conference. This ruling is consistent with other holdings in similar cases. See, e.g., Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98, 98 F. Supp.3d 693, 696 (D.N.J. 2015) (finding good cause to allow the plaintiff to discover the name and address of an IP subscriber); Malibu Media, 2016 WL 614414, at *2 (same); Good Man Prods., Inc. v. Doe, C.A. No. 14-7906 (ES/MAH), 2015 WL 892941, at *3 (D.N.J. Mar. 2, 2015) (same).

However, Courts impose safeguards to protect the privacy rights of potentially innocent third parties. See Century Media, Ltd., 2013 WL 868230, at *3-4 (limiting the subpoena to the name

4

and address of the account holder); Manny Film, 98 F. Supp.3d at 696 (limiting the subpoena to the name and address of the account holder and requiring the ISP to provide notice to the subscriber in order to provide the subscriber an opportunity to challenge the subpoena before the ISP releases the information requested). The Court adopts the reasoning of these cases, and thus, will limit plaintiff's discovery request to ensure an innocent party is not unduly burdened.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 8th day of November 2018 that plaintiff's "Motion Seeking Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" [Doc. No. 4] is GRANTED; and it is further

ORDERED that plaintiff may serve a Rule 45 subpoena on Comcast, defendant's ISP, which assigned the IP address associated with defendant—73.160.162.60. In the subpoena plaintiff may only request information regarding the name and address associated with the IP address. This Order shall be attached to the subpoena; and it is further

ORDERED that upon receipt of plaintiff's subpoena the ISP shall have thirty (30) days to provide the IP subscriber with a copy of this Order and plaintiff's subpoena. Upon receipt of the subpoena and this Order the IP subscriber has thirty (30) days in which to file a motion to quash, move for a protective order or

seek other applicable relief. If the IP subscriber chooses to contest the subpoena he/she must notify the ISP of his/her intent so the ISP is on notice not to release personal information to plaintiff until the issue is resolved by the Court; and it is further

ORDERED that if the IP subscriber does not contest the subpoena within thirty (30) days of receipt of the subpoena and this Order, the ISP shall provide plaintiff with the requested information within twenty-one (21) days. Any information plaintiff receives from the ISP may only be used for the purpose of protecting its rights as set forth in the complaint.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

(NJD-1180-CAMD) Strike 3 Holdings, LLC v. John Doe
Case No.: 1:18-cv-14114-JHR-JS

| Comcast | |
|---|---|
| IP Address | Date/Time UTC |
| 73.160.162.60 | 07/27/2018 07:57:26 |
| | |
| | |

# **<u>EXHIBIT B</u>**

**Work with us!** We are hiring for a Site Reliability Engineer.
LEARN MORE (HTTPS://JOBS.LEVER.CO/MAXMIND/3E750661-5FBF-4C43-9724-FFCDCC469B49)
Telecommuting Opportunity (U.S./Canada)


(https://www.maxmind.com/en/)

Dev Home (https://dev.maxmind.com/)          minFraud (https://dev.maxmind.com/minfraud/)

GeoIP (https://dev.maxmind.com/geoip/)          FAQ (https://dev.maxmind.com/faq/)

Main Site (http://www.maxmind.com/)          Site Map (https://dev.maxmind.com/site-map/)

English
(https://dev.maxmind.com/geoip/geoip2/geolite2/)

简体中文 (Chinese (Simplified))
(https://dev.maxmind.com/zh-hans/geoip/geoip2/geolite2/)

日本語 (Japanese)
(https://dev.maxmind.com/ja/geolite2/)

Русский (Russian)
(https://dev.maxmind.com/ru/geolite2/)

### Search

Search

### Table of Contents

- Databases
- IP Geolocation Usage
- Support
- License
- GeoLite2 Commercial Redistribution
- Downloads
- MaxMind APIs

### Links

- System Status
(http://status.maxmind.com/)

# GeoLite2 Free Downloadable Databases

Users of our older GeoLite Legacy databases should visit our Support Center (https://support.maxmind.com/geolite-legacy-discontinuation-notice/) for an important notice about future updates of those databases.

**Note:** After careful consideration, taking into account customer feedback, we have decided against removing latitude and longitude coordinates from the GeoLite2 databases.* We are in the process of reviewing coordinates used in all of our GeoLite2 and GeoIP databases to ensure there is no risk of misuse.

*\* GeoLite2 databases are free IP geolocation databases comparable to, but less accurate than, MaxMind's GeoIP2 databases. Please remember to use the accuracy radius if displaying coordinates on a map.*

## Databases

GeoLite2 databases are free IP geolocation databases comparable to, but less accurate than, MaxMind's GeoIP2 databases. The GeoLite2 Country and City databases are updated on the first Tuesday of each month. The GeoLite2 ASN database is updated every Tuesday.

## IP Geolocation Usage

IP geolocation is inherently imprecise. Locations are often near the center of the population. Any location provided by a GeoIP database should not be used to identify a particular address or household.

Use the Accuracy Radius as an indication of geolocation accuracy for the latitude and longitude coordinates we return for an IP address. The actual location of the IP address is likely within the area defined by this radius and the latitude and longitude coordinates.

## Support

MaxMind does not provide official support for the free GeoLite2 databases. If you have questions about the GeoLite2 databases or GeoIP2 APIs, please see stackoverflow's GeoIP questions and answers (http://stackoverflow.com/questions/tagged/geoip).

## License

The GeoLite2 databases are distributed under the Creative Commons Attribution-ShareAlike 4.0 International License (http://creativecommons.org/licenses/by-sa/4.0/). The attribution requirement may be met by including the following in all advertising and documentation mentioning features of or use of this database:

```
This product includes GeoLite2 data created by MaxMind, available from
<a href="https://www.maxmind.com">https://www.maxmind.com</a>.
```

## GeoLite2 Commercial Redistribution

We also offer redistribution licenses for GeoLite2 databases that allow you to package the databases with your commercial products. For more information, please visit the GeoLite2 Commercial Redistribution page (https://www.maxmind.com/en/geolite2-commercial-redistribution).

## Downloads

| Database | MaxMind DB (https://maxmind.github.io/MaxMind-DB) binary, gzipped |
|---|---|
| GeoLite2 City | Download (https://geolite.maxmind.com/download/geoip/database/GeoLite2-City.tar.gz) (md5 checksum (https://geolite.maxmind.com/download/geoip/database/GeoLite2-City.tar.gz.md5)) |
| GeoLite2 Country | Download (https://geolite.maxmind.com/download/geoip/database/GeoLite2-Country.tar.gz) (md5 checksum (https://geolite.maxmind.com/download/geoip/database/GeoLite2-Country.tar.gz.md5)) |
| GeoLite2 ASN (Autonomous System Number (https://en.wikipedia.org/wiki/Autonomous_system_(Internet))) | Download (https://geolite.maxmind.com/download/geoip/database/GeoLite2-ASN.tar.gz) (md5 checksum (https://geolite.maxmind.com/download/geoip/database/GeoLite2-ASN.tar.gz.md5)) |

The GeoLite2 databases may also be downloaded and updated with our GeoIP Update program (https://dev.maxmind.com/geoip/geoipupdate/).

## MaxMind APIs

See GeoIP2 downloadable databases (https://dev.maxmind.com/geoip/geoip2/downloadable/#MaxMind_APIs) for a list of available APIs. GeoIP2 APIs may be used with GeoLite2 databases.

---

Terms of Use (https://www.maxmind.com/en/terms_of_use)
Privacy Policy (https://www.maxmind.com/en/privacy_policy)   Contact (https://www.maxmind.com/en/contact)
Blog (http://blog.maxmind.com/)   Twitter (https://twitter.com/maxmind)
MaxMind, GeoIP, minFraud, and related trademarks are the trademarks of MaxMind, Inc.

Copyright© 2012-2018 MaxMind, Inc. All Rights Reserved.

# EXHIBIT C



# We Are Listening: Latitude and Longitude Will Remain in the GeoLite2 Databases

Earlier this year, we announced our plans to discontinue the GeoLite Legacy databases. As part of sharing that decision with you, we mentioned that we would be removing latitude and longitude coordinates from the GeoLite2 databases in 2019.

After careful consideration, taking into account customer feedback, we have decided against removing latitude and longitude coordinates from the GeoLite2 databases. We are in the process of reviewing coordinates used in all of our GeoLite2 and GeoIP databases to ensure there is no risk of misuse.

Moving forward, we will still be discontinuing the GeoLite Legacy databases and will continue to support open source

through our GeoLite2 databases. Please continue to check our blog, Support Center, websites, and our Twitter and LinkedIn accounts for additional updates on our review of GeoLite2 database coordinates.

At MaxMind, "open communication" is one of our core values. We're listening to you and we take your feedback seriously.

Additional information can also be found in our earlier blog: Discontinuation of the GeoLite Legacy Databases.

---

*GeoLite2 databases are free IP geolocation databases comparable to, but less accurate than, MaxMind's GeoIP2 databases. Please remember to use the accuracy radius if displaying coordinates on a map.*

**Share This:**

   

This entry was posted in Featured entry 1 and tagged GeoIP, GeoIP2, GeoLite2, geolocation database, IP Geolocation, ip intelligence on April 11, 2018 [https://blog.maxmind.com/2018/04/11/we-are-listening-latitude-and-longitude-will-remain-in-geolite2-databases/] by maxmind.



## Rising E-Commerce Fraud Trends and How to Combat Them

The global e-commerce market size grew to a record $2.2 trillion in 2017, and there are no signs of a slowdown in 2018, as more and more people turn to the virtual marketplace for their shopping needs.

But this tremendous exponential growth also has a dark side. As digital channels are opening, and international brands are diversifying their offerings, fraudsters are seeking new, or rediscovering old, ways to capitalize on global opportunities.

Continue reading →

**Share This:**

   

This entry was posted in Featured entry 2 and tagged chargeback prevention, ecommerce, ecommerce fraud

detection, minFraud, online fraud detection, online fraud detection procedure, online merchant, risk score, riskScore on March 22, 2018 [https://blog.maxmind.com/2018/03/22/rising-e-commerce-fraud-trends-and-how-to-combat-them/] by maxmind.



## MaxMind's Event Guide for This Year's MRC Vegas

MRC Vegas 2018 is March 19 – 22 at the Aria Resort and Casino, and MaxMind has some great events scheduled to help you connect with us throughout the conference.

Continue reading →

**Share This:**

   

This entry was posted in Online Fraud Prevention and tagged account takeover, chargeback prevention, ecommerce fraud detection, fraud screening, manual review, maxmind, merchant risk council, minFraud, mrc, online fraud detection, riskScore on February 28, 2018 [https://blog.maxmind.com/2018/02/28/maxminds-event-guide-for-this-years-mrc-vegas/] by maxmind.



## MaxMind and Shopify to Speak About Account Takeover at MRC Vegas

MaxMind will be presenting alongside Shopify at the Merchant Risk Council's flagship fraud prevention conference, MRC Vegas, Tuesday, March 20, from 2:15pm – 3pm.

MaxMind Blog

12/26/18, 1:37 PM

Jenn Sessler, MaxMind's Director of Business Development, and Will Mowat, Shopify's Fraud Operations Lead, will be discussing the growing problem of account takeover and what merchants can do to combat it. Jenn and Will bring years of industry insight and first-hand experience with fraud prevention and risk mitigation to this informative and timely presentation on account takeover.

Continue reading →

**Share This:**

   

This entry was posted in Online Fraud Prevention and tagged account takeover, ecommerce fraud detection, fraud prevention, fraud screening, geolocation, maxmind, merchant risk council, merchant risk council presentation, online fraud detection, online merchant on January 24, 2018 [https://blog.maxmind.com/2018/01/24/maxmind-and-shopify-to-speak-about-account-takeover-at-mrc-vegas/] by maxmind.



## Going Local: How MaxMind Helps GeoFli's Customers' Conversion Rates Soar

Digitally savvy consumers are increasingly seeking online experiences tailored to their interests; meanwhile, web personalization companies like GeoFli are increasingly seeking ways to deliver just the right experiences to those consumers, at the right time.

"We wanted to create a service to display website content based on a visitor's IP address," said GeoFli co-founder Nick Shontz. "Using MaxMind's GeoIP2 City database combined with GeoFli's custom software, we have seen conversion rates double for our customers. It's great having an industry-leading tool like GeoIP2 City that's so easy to integrate with our systems and have such great application and scalability," Shontz added.

Continue reading →

**Share This:**

   

This entry was posted in IP Geolocation and tagged geofiltering, GeoIP, GeoIP2, geolocation, geolocation database, ip address, IP Address Risk, ip intelligence, maxmind on January 2, 2018 [https://blog.maxmind.com/2018/01/02/going-local-how-maxmind-helps-geoflis-customers-conversion-rates-soar/] by maxmind.



## Discontinuation of the GeoLite Legacy Databases

**Important Update April 11, 2018.** Latitude and Longitude Will Remain in the GeoLite2 Databases.

---

Free and open source code has been part of MaxMind's technical and organizational foundation since our earliest days. As we continue to develop new products to better service our customers with a broader range of diverse and

innovative offerings, we occasionally find it necessary to discontinue or phase out some of our products or services.

Accordingly, we have decided to discontinue the GeoLite Legacy databases on January 2, 2019. *(Note that we will begin by discontinuing updates to the free GeoLite Legacy databases as of April 1, 2018. For info, see the "Important dates to consider" section.)*

Continue reading →

---

**Share This:**

   

This entry was posted in IP Geolocation and tagged geofiltering, GeoLite, GeoLite Legacy, geolocation, geolocation database, IP Geolocation on January 2, 2018 [https://blog.maxmind.com/2018/01/02/discontinuation-of-the-geolite-legacy-databases/] by maxmind.



## MaxMind Will Be Exhibiting at ad:tech November 1 and 2

MaxMind is heading to ad:tech New York, one of the world's largest conferences for digital brands and technology leaders. Come visit us at our booth and learn more about our GeoIP and minFraud products, and stick around for a speech hosted by our Director of Business Development Jenn Sessler.

Continue reading →

**Share This:**

   

This entry was posted in IP Geolocation, Online Fraud Prevention and tagged ad:tech, digital rights management, ecommerce, geofiltering, GeoIP, GeoIP2, geolocation, geolocation database, ip address, IP Address Risk, ip intelligence, maxmind, minFraud, proxy detection, vpn on October 9, 2017 [https://blog.maxmind.com/2017/10/09/maxmind-will-be-exhibiting-at-ad-tech-november-1-and-2/] by maxmind.



## MaxMind's Paladin Report Is Now Available

Deciding on the right fraud prevention and IP intelligence provider can be a daunting task. With worldwide internet usage projected to grow every year, your choice matters now more than ever. So, make an informed, educated one with MaxMind's Paladin Report.

Continue reading →

**Share This:**

   

This entry was posted in Featured entry 3 and tagged chargeback prevention, ecommerce, ecommerce fraud detection, fraud screening, GeoIP, GeoIP2, geolocation, geolocation database, ip address, IP Geolocation, ip intelligence, maxmind, minFraud, online fraud detection, Paladin Group, Paladin Report, proxy detection on October 9, 2017 [https://blog.maxmind.com/2017/10/09/maxminds-paladin-report-is-now-available/] by maxmind.



# E-commerce Fraud 101: Account Takeover

In the battle against e-commerce fraud, it is incumbent upon online merchants to know the enemy and the tactics they employ. When it comes to account takeover, online merchants face the added challenge of recognizing a fraudster masquerading as a valued and trusted customer.

In this blog post, we will provide you with information on what account takeover is, and how to combat it.

Continue reading →

**Share This:**

   

This entry was posted in Online Fraud Prevention and tagged account takeover, bestpractices, ecommerce, ecommerce fraud detection, fraud screening, manual review, minFraud, online fraud detection on August 16, 2017 [https://blog.maxmind.com/2017/08/16/e-commerce-fraud-101-account-takeover/] by maxmind.



# Using Custom Inputs to Refine Your Response to Fraud

Online fraud is a complex, hard to detect, and constantly evolving type of crime with serious business consequences. While many e-commerce merchants are looking for new ways to engage with customers, fraudsters are also looking for new ways to exploit them. In a way, every touchpoint you create – from buy online/pick up in

store options to social click-to-buy ads, mobile shopping to loyalty rewards programs – is another opportunity for cybercriminals to bypass your fraud screening.

Continue reading →

**Share This:**

   

This entry was posted in Featured entry 3 and tagged Custom Inputs, ecommerce fraud detection, manual review, maxmind, minFraud, online fraud detection on July 13, 2017 [https://blog.maxmind.com/2017/07/13/using-custom-inputs-to-refine-your-response-to-fraud/] by maxmind.

# **<u>EXHIBIT D</u>**



# End of Life Announcement:
# GeoLite Legacy Databases

## Discontinuation of the GeoLite Legacy Databases

**Important Update April 11, 2018.** Latitude and Longitude Will Remain in the GeoLite2 Databases.

Free and open source code has been part of MaxMind's technical and organizational foundation since our earliest days. As we continue to develop new products to better service our customers with a broader range of diverse and innovative offerings, we occasionally find it necessary to discontinue or phase out some of our products or services.

Accordingly, we have decided to discontinue the GeoLite Legacy databases on January 2, 2019. *(Note that we will begin by discontinuing updates to the free GeoLite Legacy databases as of April 1, 2018. For info, see the "Important dates to consider" section.)*

# How does this affect me?

You will still be able to receive open source geolocation data from us, but you may need to take action depending on what database you are using.

## GeoLite Legacy users

If you are using the GeoLite Legacy databases, you will need to switch to the GeoLite2 databases and update your integrations to use the GeoLite2 databases before January 2, 2019 to ensure your continued access to geolocation data.

Another option is to switch to the paid GeoIP Legacy equivalent of the database you are using. In that way, you would be able to continue to use your existing integrations. You may also want to consider upgrading to the GeoIP2 brand. (*Please note that since the GeoIP Legacy databases have been superseded by* GeoIP2*, the GeoIP Legacy databases may also be discontinued at some point in the future.*)

## GeoLite2 Developer's Package customers

If you use the GeoLite2 Developer's Package and are already using the GeoLite2 databases, you will not be affected by the discontinuation of the GeoLite Legacy databases. Also, your commercial redistribution license will not be affected as long as you are using the GeoLite2 databases.

# Important dates to consider

To make sure you have plenty of time to transition away from the GeoLite Legacy databases, we will be phasing out the databases gradually leading up to January 2, 2019. Here are some important dates and milestones of which you should be aware:

- **April 1, 2018** – Updated versions of the GeoLite Legacy databases are now only available to redistribution license customers, although anyone can continue to download the March 2018 GeoLite Legacy builds.
- **January 2, 2019** – The remaining GeoLite Legacy builds will be removed from our website. GeoLite Legacy database users will need to have switched to the GeoLite2 or commercial GeoIP databases and update their integrations.

For additional information about these changes, please visit our Support Center page.

# Commitment to the principles of open source

Open source is about more than just code; it's about community and process. Participating in open source projects and communities comes with its own unique set of challenges. We view open source as an important component of our services and will continue to offer free, open source data through our GeoLite2 free downloadable databases.

The difficult business decision to discontinue the GeoLite Legacy databases came about after careful analysis and thought. These types of decisions are never easy and we will continue to focus on delivering high-value experiences that benefit the majority of our users while ensuring that we can continue to offer collaborative, connected, and intelligent offerings.

We would like to thank every GeoLite Legacy database user who trusted and relied on us all these years. Your support has been tremendously important to us and sincerely appreciated.

---

Founded in 2002, MaxMind is an industry-leading provider of IP intelligence and online fraud detection tools. We provide IP intelligence through our GeoIP brand. Over 5,000 companies use GeoIP data to locate their internet visitors and show them relevant content and ads, enforce digital rights, and efficiently route internet traffic. Our minFraud service helps businesses prevent fraudulent online transactions and reduce manual review. The minFraud service is used to screen more than 175 million e-commerce transactions and account registrations a month.

---

**Share This:**

   

This entry was posted in IP Geolocation and tagged geofiltering, GeoLite, GeoLite Legacy, geolocation, geolocation database, IP Geolocation on January 2, 2018 [https://blog.maxmind.com/2018/01/02/discontinuation-of-the-geolite-legacy-databases/] by maxmind.