# The Atkin Firm, LLC

Attorneys at Law

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

By: John C. Atkin, Esq.*
 ---
* Member of NJ, NY, and PA Bar

Tel: (973) 285-3239
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

May 24, 2019

**Via ECF and First Class Mail**

The Honorable Joel Schneider, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

  **Re:**  **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 173.71.68.16**
    **Dkt. No. 1:18-cv-02674-RBK-JS**

    **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 76.116.36.190**
    **Dkt. No. 1:18-cv-12585-JBS-JS**

    **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 76.116.76.28**
    **Dkt. No. 1:18-cv-12586-JHR-JS**

    **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.160.162.60**
    **Dkt. No. 1:18-cv-14114-JHR-JS**

Judge Schneider:

  As Your Honor is aware, I represent Plaintiff Strike 3 Holdings, LLC ("Strike 3") in the above-referenced matters. I write pursuant to the Court's previous permission allowing the parties to file supplemental submissions in these matters in advance of the upcoming hearing.

  As we previously advised the Court, after hearing oral argument on an order to show cause why the Court should not follow the reasoning of Judge Lamberth as set forth in *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018) and a motion to quash, Judge Waldor discharged the order to show cause and requested that Strike 3 submit additional information concerning its reliance on Maxmind, Inc.'s geolocation technology to establish a *prima facie* showing of

Hon. Joel Schneider
May 24, 2019

jurisdiction and venue before ruling on the defendant's motion to quash.[1] *See Strike 3 Holdings, LLC v. Doe*, Dkt. No. 18-02674. I enclose the following certifications, which are similar to those submitted before Judge Waldor, for the Court's consideration:

1. Certifications of Emilie Kennedy and Tobias Fieser in Dkt. No. 18-02674. Attached as **Exhibit A** and **B**, respectively.

2. Certifications of Emilie Kennedy and Tobias Fieser in Dkt. No. 18-12585. Attached as **Exhibit C** and **D**, respectively.

3. Certifications of Emilie Kennedy and Tobias Fieser in Dkt. No. 18-12586. Attached as **Exhibit E** and **F**, respectively.

4. Certifications of Emilie Kennedy and Tobias Fieser in Dkt. No. 18-14114. Attached as **Exhibit G** and **H**, respectively.

In addition, I enclose a copy of a recent decision issued in *Strike 3 Holdings, LLC v. Doe*, No. 18-01490, 2019 WL 1529339 (W.D.N.Y. Apr. 8, 2019), in which Judge Wolford denied a motion to quash made by a John Doe Defendant, and in doing so, provided an extended discussion of why she declined to follow the reasoning set forth in the opinion issued by Judge Lamberth in *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018). A copy of this opinion is attached as **Exhibit I**.

This opinion is part of a growing trend among courts – including courts within this Circuit – expressly declining to follow Judge Lamberth's opinion. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-2211, 2019 WL 1778054 (D.D.C. Apr. 23, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-5223, 2019 WL 1429331 (E.D. Pa. Mar. 29, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-02637, 2019 WL 935390 (E.D. Cal. Feb. 26, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-5238, ECF No. 10 (E.D. Pa. Feb. 11, 2019).

However, in full candor to the tribunal, I note that one court in the District of Columbia has dismissed a Strike 3 matter based on Judge Lamberth's opinion, holding that Strike 3's arguments in response to an order to show cause why the matter should not be dismissed for the reasons set forth by Judge Lamberth were "essentially an objection" to Judge Lamberth's opinion, which the court held it "simply cannot reconsider." *Strike 3 Holdings v. Doe*, Dkt. No. 18-1896, ECF No. 7 (Mar. 27, 2019). A copy of this Order is attached hereto as **Exhibit J**. Importantly, this decision does *not* contain an endorsement of Judge Lamberth's reasoning, but rather the plain (and incorrect) conclusion that the D.C. magistrate judge was required to follow Judge Lamberth's decision. *But see Strike 3 Holdings, LLC v. Doe*, No. 18-2211, 2019 WL 1778054 (D.D.C. Apr. 23, 2019) (declining to follow Judge Lamberth's opinion). Although magistrate judges are not, in fact, bound by the decisions of district court judges, *see Abreu v. Verizon of New York, Inc.*, No.

---

[1] Judge Waldor discharged similar orders in two (2) other matters, as well, and because there were no motions to quash pending, also granted Strike 3's request to conduct early discovery in both matters. Dkt. No. 18-14134, ECF Nos. 12, 13; Dkt. No. 18-14124, ECF Nos. 12, 14.

Hon. Joel Schneider
May 24, 2019

15-58, 2018 WL 1401326 (E.D.N.Y. Mar. 20, 2018), any procedural concerns Judge Robinson may have felt prevented her from "reconsider[ing]" Judge Lamberth's in-district decision are obviously not present in these District of New Jersey matters before Your Honor.

      I look forward to the opportunity to discuss these matters further with you at the hearing scheduled for **10:00 a.m.** on **May 31, 2019**.  As the Court requested, Ms. Emilie Kennedy, Mr. Stephen M. Bunting, and Mr. John Pasquale will all be in attendance and available to testify to answer any questions the Court may have concerning Strike 3's application(s) for early discovery and their supporting declarations.

      Thank you for your attention to this matter.

                                     Respectfully submitted,

                                     */s/ John C. Atkin*

                                     John C. Atkin

Encl.
cc:     All Counsel of Record (via ECF)