[Doc. No. 11]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

    v.

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 73.160.162.60,

                Defendant.

Civil No. 18-14114 (JHR/JS)

**O R D E R**

    This matter is before the Court on the "Motion to Quash Subpoena" ("motion") [Doc. No. 11] filed by defendant John Doe Subscriber Assigned IP Address 73.160.162.60. The Court received plaintiff's opposition [Doc. No. 12] and supplemental submissions [Doc. Nos. 15, 17, 28], and recently held oral argument. For the reasons to be discussed, defendant's motion to quash is DENIED as moot. Nevertheless, the Court will quash plaintiff's subpoena on grounds other than those raised by defendant.

**Background**

    Plaintiff Strike 3 Holdings, LLC filed this action on September 20, 2018, alleging that defendant John Doe subscriber assigned Internet Protocol ("IP") address 73.160.162.60 downloaded and distributed plaintiff's motion pictures in violation of the U.S. Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq.

See Compl. [Doc No. 1]. The following facts are taken from the complaint and assumed to be true for purposes of this motion.

Plaintiff claims to be the "owner of award winning, critically acclaimed adult motion pictures" (hereinafter "Works"). Id. ¶ 2. Plaintiff distributes its Works online through subscription-based websites that "proudly boast a paid subscriber base." Id. ¶ 13. Plaintiff also licenses its Works to broadcasters and sells them as DVDs. Id. At the same time, however, plaintiff struggles like other producers of creative content in combatting the online piracy of its Works. Id. ¶ 16. Specifically, plaintiff alleges its Works are illegally distributed online by an anonymous swarm of pirates utilizing the BitTorrent protocol. Id. ¶¶ 5, 17-25. According to plaintiff, BitTorrent enables its users to quickly distribute large files between each other without much effort. Id.

Plaintiff uses an investigator to discover IP addresses where its Works are being downloaded with BitTorrent. Id. ¶¶ 24-27. Next, plaintiff employs geolocation technology to approximate where the IP address is located and to identify the Internet Service Provider ("ISP") associated with it. Id. ¶¶ 9-12. In this case, the defendant-subscriber is alleged to have downloaded and distributed thirty-one (31) of plaintiff's Works with BitTorrent over a period spanning roughly eight (8) months. See Ex. A [Doc. No. 1-1]. Although defendant's IP address and general location are known to plaintiff, his or her name and physical address are not. Thus,

plaintiff argues it has been unable to serve defendant based solely on the information and allegations contained in its complaint.

After plaintiff filed its complaint, it filed an <u>ex</u> <u>parte</u> "Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" [Doc. No. 4]. The motion asks for leave to serve a subpoena on defendant's ISP, Comcast Cable Communications, LLC, requesting "the true name and address" of defendant. <u>See</u> Br. at 2 [Doc. No. 4-1]. Because plaintiff only knows defendant by his or her IP address, it contends that Comcast "is the only party with the information necessary to identify" the John Doe defendant by correlating the IP address with the subscriber's personal data. <u>Id.</u> 1-2. The Court granted plaintiff's motion and authorized plaintiff to serve a Rule 45 subpoena on Comcast to learn only the name and address of the subscriber associated with the named IP address. <u>See</u> Order [Doc. No. 5].

The Court subsequently issued a <u>sua</u> <u>sponte</u> Order to Show Cause ("OSC") [Doc. No. 6] directing plaintiff to show cause as to why the Court should not adopt and follow the Honorable Judge Royce C. Lamberth's Opinion and Order denying plaintiff's motion seeking leave for discovery in <u>Strike 3 Holdings, LLC v. Doe</u>, 351 F. Supp. 3d 160 (D.D.C. 2018).[1] Shortly after plaintiff served its response

---

[1] The OSC was entered in this and five (5) other similar Strike 3 cases. Since service of the OSC, two (2) of the cases have been closed.

to the OSC [Doc. No. 8], counsel entered an appearance on behalf of defendant and filed the instant motion to quash plaintiff's subpoena. See Mot.[2]

Defendant moves to quash plaintiff's subpoena by generally alleging plaintiff's geolocation technology is unreliable, its complaint fails to state a claim, and that production of defendant's personal identifying information would constitute an undue burden. See Mem. [Doc. No. 11-2]. Defendant further alleges the information sought by plaintiff's subpoena is not relevant to plaintiff's claims nor necessary to advance its litigation. Id. at 9-12. Apart from addressing the merits of defendant's arguments, plaintiff also argues defendant does not have standing to object to a subpoena directed to Comcast. Attached to defendant's motion is an array of exhibits, including a letter addressed to defendant from Comcast giving notice of the Court-Ordered subpoena and this action more generally. See Doc. No. 11-1 at 4.

Despite the fact that plaintiff's subpoena requests Comcast to identify its subscriber, and defendant's motion requests to keep the identification secret, defendant's motion papers disclose his identity and address. Defendant feebly attempted to redact his name in one spot, but the name is plainly legible on the public

---

[2] While the present motion was concurrently briefed and argued with the Court's OSC, this Order only concerns defendant's motion to quash. The Court will address the OSC in a separate Opinion to be entered.

docket. Further, defendant's full name in the body of the letter
was not redacted at all.

The fact that defendant revealed his name and address is not
a secret. Plaintiff promptly notified defendant of the disclosure.
See Opp. at 1. Despite this notice, defendant has taken no action
to protect his identity, such as moving to seal the record. As of
the date of this Order, defendant's name and address are still on
the public docket. Thus, plaintiff is now in possession of the
information requested in its subpoena.

## Discussion

Fed. R. Civ. P. 45(d)(3)(A) sets forth the circumstances under
which the Court must quash a subpoena. On a timely motion, Rule 45
provides the Court must quash a subpoena that: "(iii) requires
disclosure of privileged or other protected matter, if no exception
or waiver applies; or (iv) subjects a person to an undue burden."
Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv); see Malibu Media, LLC v.
John Does 1-18, C.A. No. 12-07789 (KM)(MCA), 2014 WL 229295, at *6
(D.N.J. Jan. 21, 2014). The party seeking to quash a subpoena bears
the burden of demonstrating that the requirements of Rule 45 are
met. Id.; see Malibu Media, LLC v. John Does 1-15, C.A. No. 12-
2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012). This has been
described as "a heavy burden." Malibu Media, LLC v. Does # 1-30,
C.A. No. 12-3896-MAS, 2012 WL 6203697, at *2 (D.N.J. Dec. 12, 2012)
(internal citations omitted).

"Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed." Malibu Media, LLC v. Doe, C.A. No. 15-8252 (FLW), 2016 WL 3876425, at *3 (D.N.J. July 14, 2016) (citation omitted). However, a party has standing to move to quash or modify a subpoena directed at a non-party when the party claims a personal privilege in the production sought. See Schmulovich v. 1161 Rt. 9 LLC, C.A. No. 07-597 (FLW), 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (citation omitted).

In this case there is no need for the Court to formally decide if defendant has standing to challenge the subpoena directed to Comcast. Nor is there a need for the Court to address the merits of defendant's other arguments. This is true because plaintiff already knows the information requested in its subpoena. As a result, defendant's motion is moot.

To the extent defendant ever had a right to protect his identity, an issue this Court does not have to decide in view of its mootness ruling, defendant's right was waived. Defendant voluntarily disclosed his identity and address on the public docket and did not take any steps to "clawback" the information after he was repeatedly put on notice of his disclosure. See generally United States v. Sensient Colors, Inc., C.A. No. 07-1275 (JHR/JS), 2009 WL 2905474 (D.N.J. Sept. 9, 2009). While defendant's disclosure reveals "just how little reasonable expectation of privacy may exist when conveying such information to any third

6

party," his subsequent failure to move to seal the information after receiving notice from plaintiff of the disclosure "very nearly rendered [defendant's motion] moot."[3] First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 247 n.7 (N.D. Ill. 2011); see West Bay One, Inc. v. Does 1-1, 653, 270 F.R.D. 13, 15 (D.D.C. 2010) ("[B]y filing the motion[] to quash on the public record of the Court, Mr. Wright provided the most critical information sought by the subpoenas--his name and address. His motion to quash could be deemed moot."). The Court finds defendant rendered his motion moot by filing the information sought by plaintiff's subpoena on the public docket, and taking no action to protect the information after the disclosure was brought to his attention.

Despite the fact that defendant's motion to quash is denied as moot, the Court will still quash plaintiff's subpoena. Rule 45(d)(1) instructs that a subpoena should not impose an undue burden or expense on the person subject to the subpoena. Rule 26(b)(2)(C)(i) authorizes a court on its own to stop discovery that is cumulative, duplicative, or can be obtained from another source. Since plaintiff already has what it needs, its subpoena directed to Comcast is not needed. Defendant has already disclosed his name and address and plaintiff is now in possession of the

---

[3] Plaintiff again raised the issue of defendant's public disclosure of his name and address at oral argument. See Tr., May 31, 2019 134:6-16 [Doc. No. 30]. Defendant provided no comment or response and has taken no steps to protect his identity.

information it sought by subpoena. Therefore, the Court will quash plaintiff's subpoena because to compel the production of the requested information would impose an undue burden on Comcast to produce duplicative discovery.

## Conclusion

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 14th day of June 2019, that defendant's "Motion to Quash Subpoena" [Doc. No. 11] is DENIED; and it is further

ORDERED that the Rule 45 subpoena plaintiff served on Comcast is QUASHED since plaintiff already possesses the information requested in its subpoena.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge